SARAH L. J. WHITING v. FRANK CLUGSTON and Another.

June 14, 1898.

Nos. 11,071—(138).

**Pleading—Conspiracy in Execution of Mortgage—Fraudulent Appropriation of Sum Loaned—Complaint in Foreclosure and for Receiver Good on Demurrer—Joinder of Causes of Action.**

The complaint herein set forth the execution and delivery, to plaintiff by one of defendants, of a promissory note and a real-estate mortgage securing the same, that default had been made in the payment of the note, and the amount due thereon. It also alleged that the other defendant, having in his hands a certain sum of money to loan belonging to plaintiff, entered into a conspiracy with his co-defendant to retain said money for his own use, caused the real estate covered by the mortgage to be conveyed to said co-defendant, procured the latter to execute and deliver said note and mortgage, unlawfully and fraudulently represented to plaintiff that the maker of these instruments was hiring the money for himself, and then kept and appropriated the whole thereof for his own uses and purposes, the co-defendant having no interest in the mortgaged property, and receiving no part of the money. It was also alleged that both defendants were insolvent. *Held*, first, that the complaint stated

facts sufficient to constitute a cause of action against the defendant who kept and appropriated the money; and, second, that such complaint was not demurrable upon the ground that several causes of action were improperly united.

Appeal by defendant Edward D. Brown from an order of the district court for Hennepin county, Smith and Simpson, JJ., overruling his demurrer to the complaint. Affirmed.

*M. P. Brewer,* for appellant.

On the question of misjoinder, the complaint is to be considered without reference to the sufficiency of its allegations to constitute a cause of action against Brown, the attempt to state some cause of action being evident. Vaule v. Steenerson, 63 Minn. 110. Since the right of recovery, if any, against Brown depends on a wholly different state of facts from those warranting a recovery against Clugston, the causes of action are not the same. Skoglund v. Minneapolis S. Ry. Co., 45 Minn. 330. The alleged cause of action based on fraud and that based on contract did not accrue at the same time, nor were they predicated on the same wrong. Union v. Scheidler, 130 Ind. 214. On the facts alleged, if the plaintiff was damaged she had an immediate right of action against both or either of defendants for the recovery of damages, and it seems clear that her measure of damages would be the difference between the amount of the loan and the value of the securities at the date of the loan. Briggs v. Brushaber, 43 Mich. 330. The difficulty about this being the cause of action stated in the complaint arises from the fact that the complaint contains no allegation that plaintiff was in any way damaged by the fraud, and no allegation of any facts from which such damage can be inferred. Not even nominal damages could be recovered upon this complaint, since some actual damage was essential to the cause of action for fraud. Alden v. Wright, 47 Minn. 225. Since the complaint does not allege any damages and does claim judgment for the deficiency as against Brown, it is a fair deduction that the cause of action which was in the mind of the pleader was not in the nature of damages for fraud. At all events, for the reason just pointed out, the complaint does not state facts sufficient to constitute such a cause of action.

The only other conceivable cause of action arising against Brown upon the allegations would be an action on implied contract for money had and received, but to maintain this action it would have been necessary to tender back to the maker the note and mortgage upon which the action as against Clugston is based. Plaintiff cannot retain and enforce the security representing an investment of money, and at the same time maintain an action against Brown for money had and received. Gardner v. Ogden, 22 N. Y. 327. Considering the action as being upon an implied contract for money had and received, there is a misjoinder, for the reason that the causes of action are upon separate and several contracts, not affecting both parties to the action. Berg v. Stanhope, 43 Minn. 176; Trowbridge v. Forepaugh, 14 Minn. 100 (133); Sanders v. Classon, 13 Minn. 352 (379).

Such a cause of action would also be improperly joined because inconsistent with the action for foreclosure. Vaule v. Steenerson, supra. In actions for foreclosure the only proper parties are the mortgagor and the mortgagee, and those who have acquired rights or interests under them. Banning v. Bradford, 21 Minn. 308. The supposed causes of action are not included in the same transaction or transactions connected with the same subject of action. Gertler v. Linscott, 26 Minn. 82; Pomeroy, Rem. & Rem. Rights, §§ 474, 475. It is enacted in the chapter relating to mortgage foreclosures that actions for the foreclosure of mortgages shall be governed by the same rules and provisions of statute as civil actions, except as therein otherwise expressly prescribed. In New York it is held that actions to foreclose two mortgages made by the same person at the same time, requiring the same parties, and involving the same defenses, but upon different parcels of real estate, cannot be joined. Selkirk v. Wood, 9 N. Y. Civ. Proc. 141; Wiltsie, Mort. Forec. § 272. See also Demarest v. Berry, 16 N. J. Eq. 481. The cases involving questions of misjoinder of causes of action in foreclosure proceedings in this state seem to be disposed of without special reference to the provisions of the statute upon the subject of joinder. Banning v. Bradford, supra; Churchill v. Proctor, 31 Minn. 129; Wilson v. Jamison, 36 Minn. 59. From the nature of foreclosure by action only such causes of action may be joined

as are connected with the primary object of the proceeding, viz.: to devest the title of the holder of the equity of redemption and others interested in it and to transfer this by a sale to the purchaser. 2 Jones, Mort. § 1394.

*E. W. & G. M. B. Hawley*, for respondent.

Brown, having transferred the property to Clugston without consideration to obtain the loan, is also a mortgagor, and it is necessary to join both in the foreclosure action. The conspiracy was the act of both. The allegations of fraud are by way of inducement. Though the complaint includes allegations which might be made the basis of a second cause of action, they do not constitute a second cause of action, so as to lay the complaint open to the charge of duplicity, unless the pleader shows his intention to make such use of it by asking for the relief to which such cause of action would entitle him. Raymond v. Sturges, 23 Conn. 134; Miller v. Bayer, 94 Wis. 123. See also Jones v. Steamship, 17 Cal. 487; Braithwaite v. Hall, 168 Mass. 38. Plaintiff elected to hold both parties to the contract and to pursue Brown for the fraud. Had she sued Brown alone for damages, he would have been liable for all the expenses which his fraud caused her. Swan v. Saddlemire, 8 Wend. 676; Cook v. Brown, 125 Mass. 503. But she may hold to the contract both men who fraudulently conspired to deprive her of her property. Northern Pac. R. Co. v. Kindred, 14 Fed. 77. Had plaintiff with full knowledge loaned to both defendants upon Brown giving a mortgage on his land and Clugston giving his note, she could have held both. Nichols v. Randall, 5 Minn. 240 (304). The existence of a fraudulent conspiracy cannot save them from liability. The acts of defendants were all part of one transaction. Brinkerhoff v. Brown, 6 Johns. Ch. 139; Bedsole v. Monroe, 5 Ired. Eq. 313, 317; Story, Eq. Pl. § 271, note. See also Jones v. Morrison, 31 Minn. 140, 145; Daniels v. Baxter, 120 N. C. 14. Brown was at least a proper party to a foreclosure action and, being so joined, a court of equity may completely adjudicate all matters arising out of the transactions alleged. First National Bank v. Lambert, 63 Minn. 263; Nichols v. Randall, supra; Fellows v. Fellows, 4 Cow. 682; Shackleton v. Kneisley, 48 Minn. 451; Place

v. Minster, 65 N. Y. 89; Moore v. Tracy, 7 Wend. 229; Jones v. Morrison, supra; Northern Pac. R. Co. v. Kindred, supra; Story, Eq. Pl. § 285; Ramash v. Scheuer, 81 Wis. 269.

COLLINS, J.

The cause of action set forth in the complaint herein against defendant Clugston was for the foreclosure of a mortgage upon real property executed and delivered by him, with plaintiff as mortgagee, to secure the payment of his promissory note payable to plaintiff for the sum of $2,500, on which default had been made and on which a stated sum was due. The cause of action set up against defendant Brown was that, having in his possession the sum of $2,500 of plaintiff's money to loan, he entered into a conspiracy with Clugston, a clerk in his office, in pursuance of which he caused the real property in question to be deeded to the latter, and then wrongfully and fraudulently caused Clugston to execute and deliver the note and mortgage in question, although he had not and never had any interest in the mortgaged premises, and did not receive any part of the money to obtain which the conspiracy was entered into; that Brown fraudulently stated and represented to plaintiff that the money was to be loaned to Clugston, when in fact the scheme was to enable Brown to keep the money himself; and that he did retain and did fraudulently appropriate it to his own uses and purposes.

There were further allegations in reference to the details of the transaction and its alleged fraudulent character, together with averments as to the real value of the mortgaged property and plaintiff's ignorance of the fraud until just before she brought this action; and also an allegation that both defendants were insolvent. The relief demanded was the appointment of a receiver to take charge of the property alleged to be in Brown's possession, to collect rents, to apply the money so collected on delinquent taxes and needed repairs, and to apply the balance, if any, on the debt; and for the usual decree ordering a sale of the mortgaged property, an application of the proceeds on the debt and expenses, and, further, for a several judgment against both defendants for any deficiency which might remain after making such application.

Defendant Brown demurred to the complaint, upon the grounds—

First, because several causes of action were improperly united; and, second, that as against him the complaint did not state facts sufficient to constitute a cause of action. The appeal is by Brown alone, and is from an order overruling the demurrer.

We are of the opinion that but one cause of action is set forth in the complaint, and that is for the recovery of the money which, through the conspiracy entered into between defendants, was appropriated by Brown to his own purposes; and also that, on the facts alleged, plaintiff was entitled to recover all that she demanded as against both defendants. The mortgage was executed and delivered for Brown's accommodation, that he, not Clugston, might have and use the plaintiff's money then in his hands. Clugston was not interested, according to the complaint, in either property or money. He did not own the former, nor did he receive any part of the latter. The action, so far as disclosed by the pleading, was not to recover damages because of the fraud, but to recover from defendants the amount of money which had been appropriated and used by Brown by reason of the conspiracy and fraudulent practices of both defendants.

It is manifest that plaintiff would have the right to ignore the security, and to recover on like allegations as against both of these conspirators, in the same action, the amount of money which was in Brown's hands, and which under the guise or pretense of making a loan to Clugston he unlawfully retained for his own use. And on the alleged facts, and after exhausting the security, nothing would prevent plaintiff from maintaining an action against both or either of these defendants to recover any balance which might remain unpaid and unsatisfied on the debt. And, if this be so, why cannot she, both defendants being insolvent, hold the mortgaged property as security, have it sold for what it will bring, have the net proceeds applied in payment of the indebtedness as far as such proceeds will go, and then obtain, in the same action, a personal judgment against both wrongdoers for the deficiency, if there be any. The defendant Brown has no cause for complaint if plaintiff professes a willingness to avail herself of the proceeds which may come from a sale of the property, and none but the most technical of reasons can be urged why, under our system of pleading and practice, all of the

matters between plaintiff and both defendants, all arising out of the same transaction and inseparably connected, should not be disposed of in a single action. From the allegation that both defendants are insolvent, it clearly appears that plaintiff should be permitted to retain her security, to enforce and exhaust it, and also obtain a personal judgment.

Order affirmed.